UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.

LOUINER LOUIS

Plaintiff,
vs.

WAL-MART ASSOCIATES, INC.

Defendant.
_____/

## COMPLAINT

Plaintiff, LOUINER LOUIS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, WAL-MART ASSOCIATES, INC., (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs for Defendant's violations of the Family and Medical Leave Act ("FMLA"), to redress injuries resulting from Defendant's unlawful, conduct against Plaintiff.

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FMLA.

3. Plaintiff was at all times relevant to this action, a resident Collier County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

4. Plaintiff was employed by Defendant, having a place of business in Collier County, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant is a foreign corporation authorized to conduct business in the State of Florida.

1

6. Defendant was a "person" and/or an "employer" pursuant to the Family and Medical Leave Act of 1993, since it employs fifty (50) or more employees for the applicable statutory period.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the FMLA.

8. Venue is proper in Collier County because all of the actions that form the basis of this Complaint occurred within Collier County.

9. Plaintiff was at all times relevant to this action, and continues to be, a resident of Collier County, Florida, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the FMLA.

10. The claims asserted in this Complaint arose in the Middle District of Florida during the course of Plaintiff's employment with Defendant.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and dual filed with the Florida Commission on Human relations, the agencies which are responsible for investigating claims of employment discrimination.

12. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiff, a Haitian male, was employed by Defendant from on or about January 2007 until May 12, 2019. At all times relevant, Plaintiff held a position as a stock person.

15. Plaintiff worked without disciplinary action and/or negative reviews throughout the course of his employment.

16. On or about January 2018, the Plaintiff began to experience severe head pain while working as an employee for the Defendant.

17. The Plaintiff was referred to the Millennium Physician Group for treatment by the Defendant through its Disability and leave Service, Sedgwick.

18. The Plaintiff was placed on Medical leave on January 15, 2019 by the Defendant's Disability and Leave Service pursuant to the recommendations of the Plaintiff's attending physician, Dr. Vladimir Mathieu, of the Millennium Physician Group.

19. The Plaintiff was approved to return to work, without restrictions, by Dr. Mathieu on or about March 21, 2019.

20. Within a few weeks after returning to work, the Plaintiff was terminated by the assistant manager April (LNU), a white female, and the manager, Bob (LNU), a white male, for missing five days of work.

## COUNT I
### *Retaliation under the FMLA*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff is an individual entitled to protection under the FMLA.

23. Plaintiff is an employee within the meaning of the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave due to suffering a serious health condition. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

24. At all times relevant hereto, WAL-MART ASSOCIATES, INC ,was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50

3

employees in 20 or more workweeks in the current or preceding calendar year.

25. Plaintiff gave Defendant sufficient notice of his need for leave under FMLA. Such leave was approved by Defendant.

26. Plaintiff was placed on approved leave by the Defendant on January 15, 2019.

27. Plaintiff was cleared to return to work on or about March 21, 2019, and was able to perform the essential functions of his job duties and responsibilities, and at all relevant times did perform his duties at or above satisfactory levels.

28. The Plaintiff was terminated within a few weeks of returning to work after his approved leave for missing five days of work.

29. The fact that Plaintiff took leave was a "protected activity" under the FMLA.

30. Plaintiff's leave was, at minimum, a motivating factor in Defendant's decision to terminate his employment.

31. Defendant's purported reason(s) for terminating Plaintiff are pretextual.

32. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

33. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial

for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Interference with Rights under the FMLA*

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

35. Plaintiff was eligible for FMLA leave due to his serious health condition.

36. Plaintiff applied and was approved for leave under the FMLA by the Defendant.

37. Under the FMLA, Plaintiff had the right to be take leave and be restored to his former position or its equivalent.

38. However, after returning from leave, and providing the requisite documentation from his doctor, the Plaintiff was terminated for missing five days of work.

39. When Defendant terminated Plaintiff, Defendant interfered with Plaintiff's right to take FMLA leave and to return to his position (or its equivalent) and thus violated the FMLA.

40. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

41. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 9-27-19

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005